UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | : | |
|---|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, U.S. Department of Labor, | : : : | Case No. 3:15-cv-00350 |
| Plaintiff, | : : | Judge Rose |
| v. | : : | Magistrate Judge Merz |
| **GREENVILLE ARCHITECTURAL GLASS, LLC** and **GAIL A. COOPER**, | : : : : | |
| Defendants. | : : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**CONSENT JUDGMENT**

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor, filed a complaint alleging that Greenville Architectural Glass, LLC and Gail A. Cooper (collectively, "Defendants") violated the provisions of sections 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*) (hereinafter "the Act"). Defendants hereby admit to the jurisdiction of this Court over them and the subject matter of this action. Defendants further acknowledge that this Judgment does not resolve any claims arising under 29 U.S.C. § 216(e).

**NOW**, therefore upon motion of attorneys for Plaintiff and Defendants, and for cause shown, it is hereby:

**ORDERED AND JUDGMENT IS HEREBY ENTERED** against Defendants pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et seq.*, hereinafter called the Act, as follows:

1

**I**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** pursuant to section 17 of the Act, that the Defendants, their officers, agents, servants, employees, successors, assigns and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

(a) Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than the applicable minimum wage of $7.25 under the Act (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the Act).

(b) Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed. Further, Defendants are specifically enjoined from misclassifying employees as independent contractors for purposes of evading sections 7 and 15(a)(2) of the Act.

(c) Defendants shall not fail to make, keep, and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them

as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 C.F.R. Part 516.

  (d) Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this Judgment or the Act.

## II

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the Act, in favor of the Plaintiff and against the Defendants in the total amount of $17,765.58, as follows:

  (a) On or before June 10, 2016, Defendants shall pay to the Plaintiff the sum of $17,765.58, which represents the overtime compensation and liquidated damages hereby found to be due, for the period May 29, 2012 to May 28, 2015 to the present and former employees named in Exhibit A, attached hereto and made a part hereof in the amounts set forth therein.

  (b) The payment shall be made by Defendants sending a <u>certified check or cashier's check</u> in the amount of $17,765.58 made payable to "U.S. DOL/Wage and Hour Division" to the

following address: U.S. Dept. of Labor, Wage & Hour Division, 550 Main Street, Room 10-409, Cincinnati, OH 45202-5208.

   (c) Plaintiff shall distribute the amounts referred to herein, or the proceeds thereof, to the persons named in Exhibit A (attached hereto and made a part hereof), in the amounts so indicated, less applicable deductions for employees' share of FICA, Medicare and withholding taxes, (Defendants shall be responsible for the employer's share of FICA, Medicare and other applicable taxes and any other necessary payments to the appropriate federal and state revenue authorities for the employees listed on Exhibit A attached hereto) or to their estates, if that be necessary, and any amounts of unpaid minimum wage, or overtime compensation not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts.

### III

If Defendants fail to make any payment referenced hereinabove within fifteen days from the date it is due, as required by this Court under this Judgment, the entire outstanding amount of unpaid back wages, together with accrued interest shall be immediately due and owning and shall be subject to the assessment of such interest and costs as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134) published by the Secretary of the Treasury in the Federal Register.

### IV

Each party shall bear its/his/their own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs and expenses, including, but not limited to, any and all costs and expenses referenced under the Equal Access to Justice Act, as Amended.

IT IS SO ORDERED.

Dated this 22 day of March, 2016.

s/Thomas M. Rose
THOMAS M. ROSE
United States District Judge

For Defendants, Greenville Architectural Glass, LLC and Gail A. Cooper:

/s/ Sara Hutchins Jodka
SARA HUTCHINS JODKA
Trial Attorney

Dated: 3.21.2016

McDonald Hopkins LLC
250 West Street, Suite 550
Columbus, OH  43215
(614) 484-0716
sjodka@mcdonaldhopkins.com

GAIL A. COOPER, individually and on behalf of Greenville Architectural Glass, LLC

Dated: 3-21-2014

For Plaintiff, Thomas E. Perez, Secretary of Labor:

/s/ Matthew M. Scheff
MATTHEW M. SCHEFF
Trial Attorney

Dated: 3/21/2016

United States Department of Labor
Office of Solicitor
1240 East Ninth St., Room 881
Cleveland, OH  44199
(216) 522-3878
(216) 522-7172 (Fax)
scheff.matthew@dol.gov

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

CHRISTINE Z. HERI
Acting Regional Solicitor

BENJAMIN T. CHINNI
Associate Regional Solicitor

SANDRA B. KRAMER
Counsel